**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Top Media, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>Loge Camps LLC,<br><br>                    Defendant. | Case No. 2:25-cv-00009-JAD-MDC<br><br>**ORDER DENYING DEFENSE COUNSEL'S MOTION TO WITHDRAW AS ATTORNEY (ECF NO. 33) and APPROVING PLAINTIFF'S SUBSTITUTION OF ATTORNEY (ECF NO. 34)** |

The Court has reviewed defense counsel's *Motion to Withdraw as Attorney* (ECF No. 33) ("Withdraw Motion") and the plaintiff's *Substitution of Attorneys* (ECF No. 34) ("Substitution"). The Court APPROVES the Substitution but DENIES without prejudice the Withdraw Motion for the reasons below.

In the Withdraw Motion, attorneys from Holland & Hart LLP ("Holland") and Perkins Coie LLP ("Perkins"), Robert J. Cassity, David A. Perez, and Jessica R. Frenkel, request to withdraw as counsel for defendant. While the motion is supported by sworn declarations by Ms. Frenkel and Mr. Cassity (ECF Nos. 33-1, 33-2) it is missing a declaration from Mr. Perez. Mr. Perez's status is also unclear. In the motion, Mr. Perez is listed as a member of Perkins but the information he provided to Court's docket lists him as a member of another firm, Morrison & Foerster LLP. Moreover, the motion does not state whether Holland attorney, Caitlan J. Bohn, also joins a request to withdraw. Ms. Bohn is listed as counsel of record on the Court's docket.  Finally, the motion does not state whether defendant was informed that it must retain new counsel and cannot proceed prose. *See e.g.*, *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). For these reasons, the Court DENIES the Motion without prejudice.

Addressing plaintiff's Substitution, plaintiff seeks to substitute its current attorneys of record, Robin P. Wright, Esq. and Stephanie A. Garabedian, Esq. from Wright, Finlay & Zak, LLP, for Kenneth E. Hogan and Jeffrey L. Hulet from Hogan Hulet, PLLC. *ECF No. 34*. Ms. Wright and Ms. Garabedian

consent to the substitution. *Id.* Mr. Hogan and Mr. Hulet consent to being substituted in as plaintiff's attorneys of record. *Id.* Finding good cause and because plaintiff, Ms. Wright, Ms. Garabedian, Mr. Hogan, and Mr. Hulet consent, the Court approves the Substitution.

ACCORDINGLY,

**IT IS ORDERED that:**

1.  Defense counsel's *Motion to Withdraw As Attorney* (ECF No. 33) is **DENIED** without prejudice.

2.  Plaintiff's *Substitution of Counsel* (ECF No. 34) is **APPROVED**.

3.  Kenneth E. Hogan and Jeffrey L. Hulet from Hogan Hulet, PLLC shall be substituted in place of Robin P. Wright, Esq. and Stephanie A. Garabedian, Esq. from Wright, Finlay & Zak, LLP as counsel of record and added from MC/ECF service in this matter. This means that Kenneth E. Hogan and Jeffrey L. Hulet from Hogan Hulet, PLLC shall be terminated as counsel of record for defendant Clifford Anderson and removed from CM/ECF service in this matter.

DATED: February 19, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.