**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Top Media, LLC,

                Plaintiff,

vs.

Loge Camps LLC,

                Defendant.

Case No. 2:25-cv-00009-JAD-MDC

**ORDER GRANTING MOTION TO WITHDRAW (ECF NO. 38)**

The Court has reviewed defense counsel's renewed *Motion to Withdraw as Attorney* (ECF No. 38) ("Motion"). Defendant's counsel filed this Motion following the Court denying without prejudice their prior *Motion to Withdraw* (ECF No. 33) ("prior Motion"). The Court now **GRANTS** the Motion for the reasons below.

In the Motion, attorneys from Holland & Hart LLP ("Holland"), Perkins Coie LLP ("Perkins"), and Morrison & Foerster LLP ("Morrison") Robert J. Cassity, Esq. Caitlan J. Bohn, Esq. (formerly Caitlan McMasters), David A. Perez, Esq. and Jessica R. Frenkel, Esq. request to withdraw as counsel for defendant. The prior Motion was denied because Mr. Perez did not provide a supporting declaration. *ECF No. 35*. The Court also denied the prior Motion because Mr. Perez is listed as a member on Perkins on the prior Motion while being listed as a member of Morrison in this case's docket. *Id.* Finally, the prior Motion was unclear on whether Holland attorney, Caitlan J. Bohn, also sought to withdraw. *Id.*

Defendant's counsel state that Nevada Rule of Professional Conduct 1.16(b)(1) and (5) justify their withdrawal. *ECF No. 38* at 2. This Motion now includes supporting declarations from Mr. Cassity, Ms. Bohn, Mr. Perez, and Ms. Frenkel, all of whom as seeking to withdraw as counsel for defendant. *ECF No. 38*; *see ECF Nos. 38-1*, *38-2*, *38-3*, *38-4*. Mr. Perez in his supporting Declaration also represents that he was an attorney for Holland when the prior Motion was filed, but that he recently joined Morrison which does not represent defendant in this action. *ECF No. 38-4*. Furthermore,

1

defendant's counsel served this Motion on defendant which did not file an opposition and notified defendant that it had to retain new counsel and could not proceed *pro se* in this case. *See ECF No. 38* at 4.

For good cause shown and because the Motion is unopposed, defendant's counsel's request is granted. The Court notes that because defendant is a corporate entity, he cannot proceed *pro se* and thus must retain new counsel. *See Reading Inten., Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016). The Court orders for defendant to retain new counsel, who shall file a notice of appearance by **April 17, 2026**.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Defense counsel's *Motion to Withdraw As Attorney* (ECF No. 38) is **GRANTED**.

2. Attorneys Robert J. Cassity, Esq. Caitlan J. Bohn, Esq. (formerly Caitlan McMasters), David A. Perez, Esq. and Jessica R. Frenkel, Esq. shall be terminated as counsel of record for defendant and removed from CM/ECF service in this matter.

3. Defendant shall retain new counsel, who must enter a notice of appearance by **April 17, 2026**.

4. If defendant fails to comply with this Order, it may be subject to sanctions, including default and a recommendation for judgment of the claims in favor of plaintiff.

DATED: March 17, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## <u>NOTICE</u>

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.